**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JAMEEL MCCLAIN,

     Plaintiff,

v.                                               No. 1:20-cv-00888-SCY/JHR


SANDRA GOINS d.b.a. GODS BLESSING
TOWER SERVICES, INC., TROY GOINS,
JAMAAL GOINS, AMERICAN TOWER
DELAWARE CORPORATION, VELEX, INC.,

     Defendants.

**AMERICAN TOWER DELAWARE CORPORATION'S**
**ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

COMES NOW, American Tower Delaware Corporation (hereinafter "American Tower") by and through its attorneys, Lewis Brisbois Bisgaard & Smith, LLP (Gregory L. Biehler and Jessica D. Marshall) and hereby submits its Answer to Plaintiff's Complaint for Damages (hereinafter "Plaintiff's Complaint") and states as follows.

1.     American Tower is without sufficient information to admit or deny the allegations in Paragraph 1 of Plaintiff's Complaint, therefore deny the same and demands strict proof thereof.

2.     American Tower is without sufficient information to admit or deny the allegations in Paragraph 2 of Plaintiff's Complaint, therefore deny the same and demands strict proof thereof.

3.     American Tower is without sufficient information to admit or deny the allegations in Paragraph 3 of Plaintiff's Complaint, therefore deny the same and demands strict proof thereof.

4.     American Tower is without sufficient information to admit or deny the allegations in Paragraph 4 of Plaintiff's Complaint, therefore deny the same and demands strict proof thereof.

5.     American Tower admits the allegations in Paragraph 5 of Plaintiff's Complaint.

6. American Tower admits the allegations in Paragraph 6 of Plaintiff's Complaint.

7. American Tower admits the allegations in Paragraph 7 of Plaintiff's Complaint.

8. American Tower admits New Mexico has jurisdiction and denies venue is proper in state court and has removed to federal court.

9. American Tower is without sufficient information to admit or deny the allegations in Paragraph 9 of Plaintiff's Complaint, therefore deny the same and demands strict proof thereof.

### Facts of the Incident

10. American Tower is without sufficient information to admit or deny the allegations in Paragraph 10 of Plaintiff's Complaint, therefore deny the same and demands strict proof thereof.

11. American Tower is without sufficient information to admit or deny the allegations in Paragraph 11 of Plaintiff's Complaint, therefore deny the same and demands strict proof thereof.

### Count 1 – Negligence

12. American Tower denies the allegations in Paragraph 12 of Plaintiff's Complaint.

13. American Tower denies the allegations in Paragraph 13 of Plaintiff's Complaint.

14. American Tower denies Plaintiff is entitled to the relief set forth in the unenumerated "Wherefore" paragraph.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff, if he failed to act reasonably or to exercise due diligence after the discovery of the alleged injury, condition, or disability, may have failed to mitigate or reasonably avoid Plaintiff's loss, injury or damages, if any. Accordingly, that amount of damages to which Plaintiff

is entitled, if any, should be reduced by the amount of damages which would have otherwise been mitigated or reasonably avoided.

### THIRD DEFENSE

The conduct, acts, omissions or negligence of third persons for whom American Tower was not responsible, and had no control or right of control, intervened and superseded the negligence, responsibility or strict liability, if any, of American Tower , in causing the injury, damage or condition alleged in Plaintiff's Complaint.

### FOURTH DEFENSE

Any damage, injury or condition, if any, alleged in Plaintiff's Complaint may have been caused or substantially contributed to by Plaintiff's own negligence and comparative fault and/or his knowing and voluntary assumption of known and appreciated risks, if any, and such comparative fault and/or assumption of risk bars or reduces Plaintiff's claims.  In the event Plaintiff is entitled to any damages, the amount of these damages should be reduced by the fault of Plaintiff and any person whose negligent acts or omissions are imputed to Plaintiff.

### FIFTH DEFENSE

American Tower  cannot be liable to Plaintiff for an amount greater than that represented by the degree or percentage of fault, if any, attributable to American Tower  that produced Plaintiff's claimed damages.  If liability is assessed in any respect against American Tower , then the fault or responsibility of all parties, joined, non-joined, immune from suit, or unknown, including that of Plaintiff, must be evaluated and liability apportioned among all persons and entities in proportion to respective fault or responsibility.

<u>SIXTH DEFENSE</u>

American Tower hereby incorporates by reference any and all affirmative defenses heretofore and hereinafter set forth by co-defendants as though fully set forth herein.

<u>SEVENTH DEFENSE</u>

American Tower hereby reserves the right to add additional affirmative defenses as discovery progresses.

WHEREFORE, American Tower Delaware Corporation requests that Plaintiff's Complaint be dismissed and that judgment be entered in favor of American Tower Delaware Corporation for their costs expended in the defense thereof, including attorneys' fees, expert witness fees, and for such other relief as the Court deems appropriate.

**Respectfully submitted**:


By: /s/ Jessica D. Marshall
Gregory L. Biehler
Jessica D. Marshall
Lewis Brisbois Bisgaard & Smith LLP
8801 Horizon Blvd. NE, Suite 300
Albuquerque, NM 87113
T: 505.545.3600
F: 505.828.3900
Greg.Biehler@lewisbrisbois.com
Jessica.Marshall@lewisbrisbois.com
*Attorneys for Defendant American Tower
Delaware Corporation*

I hereby certify that on the below date, a copy of the foregoing document was filed electronically, with the Court's CM/ECF, which will provide notice of the same on the parties.


Dated:  September 11, 2020          By:  */s/ Jessica D. Marshall*
                                        Jessica D. Marshall