IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMEEL MCCLAIN,

      Plaintiff,

v.                                                                                                       CV 20-0888 SCY/JHR

SANDRA GOINS d.b.a. GODS BLESSING
TOWER SERVCIES, INC., TROY GOINS,
JAMAAL GOINS, AMERICAN TOWER
DELAWAR CORPORATION, VELEX, INC.,

      Defendants.

## **<u>ORDER DENYING MOTION TO SERVE BY PUBLICATION</u>**

This matter comes before the Court on Plaintiff Jameel McClain's Motion to Serve Sandra Goins d.b.a. Gods Blessing Tower Services, Inc., Troy Goins, and Jamaal Goins via Publication. [Doc. 9], filed March 25, 2021. Having reviewed the Motion and its exhibits the Court **denies it without prejudice**.

Mr. McClain states that he has attempted service via first class mailings with the United States Postal Service, return receipts requested, to Jamaal Goins at the address listed on the incident report for this case, to Sandra Goins at the addresses listed on the Florida Department of State Division of Corporations website and in a PeopleMap report, and to Troy Goins at a California address. [*Id.*, p. 2]. He says that all four service packets were returned as undeliverable as addressed without the ability to forward (with the exception of the packet sent to Sandra Goins at 7600 International Drive, Orlando, Florida 32189, which the Court notes was "refused.").[1] [*See* Docs.

---

[1] The Court notes the irregularity of this particular notation. According to the Postal Service's website, certified mail cannot be "refused" by an addressee. *See* https://faq.usps.com/s/article/Refuse-unwanted-mail-and-remove-name-from-mailing-lists (accessed April 16, 2021).

9-1, 9-3, 9-4]. Citing no provision of law or rule of procedure, Mr. McClain asks the Court to allow him to serve the Goins Defendants by publication. [Doc. 9, p. 2]. Mr. McClain similarly does not describe how he intends to serve the Goins Defendants if granted leave. [*Id.*].

Unfortunately, Mr. McClain has failed to empower this Court to grant the relief he requests. Federal Rule 7 requires a motion to "state with particularity the grounds for seeking the order" and this Court's Local Rule 7.3 requires movants to "cite authority in support of the legal positions advanced." Fed. R. Civ. P. 7(b)(1)(B); D.N.M.LR-Civ. 7.3(a). Likewise, a motion should state with particularity the relief sought. Fed. R. Civ. P. 7(b)(1)(C); D.N.M.LR-Civ. 7.1(a). Here, the Motion states neither the legal grounds, nor the specific relief requested (other than a blanket request to serve by publication). In addition, for a motion of this type, Plaintiff's counsel should specifically describe how he intends to serve the Goins Defendants so that the Court can order the appropriately tailored relief. Therefore, Mr. McClain's Motion is **denied without prejudice** to refiling for failure to comply with the Federal Rules of Civil Procedure and this Court's Local Rules.

SO ORDERED.

_____
JERRY H. RITTER
U.S. MAGISTRATE JUDGE