IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JAMEEL MCCLAIN,**

      **Plaintiff,**

v.                                                                                                                 **CV 20-0888 DHU/JHR**

**SANDRA GOINS d.b.a. GODS BLESSING
TOWER SERVCIES, INC., TROY GOINS,
JAMAAL GOINS, AMERICAN TOWER
DELAWAR CORPORATION, VELEX, INC.,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

      This matter comes before the Court on Plaintiff McClain's Second Motion to Serve Sandra Goins d.b.a. Gods Blessing Tower Services, Inc., Troy Goins, and Jamaal Goins via Publication. [Doc. 13] and Counsel for Plaintiff's Motion to Withdraw [Doc. 22]. Having considered these filings against the relevant legal standards, Plaintiff's Motion to Serve via Publication is **denied without prejudice** as is his Counsel's Motion to Withdraw. Plaintiff is directed to effect service within 60 days of the entry of this Order or face dismissal of the Complaint without prejudice. Counsel may file a supported Motion to Withdraw once he has complied with the Local Rules of Civil Procedure for this District.

    **I.**      **DISCUSSION**

      This is McClain's second motion to serve via publication. His first motion stated that he had attempted service via first class mailings with the United States Postal Service, return receipts requested, to Jamaal Goins at the address listed on the incident report for this case, to Sandra Goins

at the addresses listed on the Florida Department of State Division of Corporations website and in a PeopleMap report, and to Troy Goins at a California address. [*Id.*, p. 2]. He says that all four service packets were returned as undeliverable as addressed without the ability to forward (with the exception of the packet sent to Sandra Goins at 7600 International Drive, Orlando, Florida 32189, which the Court notes was "refused.").[1] [*See* Docs. 9-1, 9-3, 9-4]. McClain's first motion was denied without prejudice for failure to discuss the relevant legal standards. His second Motion sets forth the pertinent legal standards and some additional facts about attempted service on Sandra Goins d.b.a. God's Blessing Tower Service, but no further discussion of attempted service on Jamaal Goins or Troy Goins is present. [Doc. 13, p. 2]. McClain proposes publishing notice for three consecutive weeks in newspapers in San Marcos, California; Columbia, South Carolina; and Donalds, South Carolina. [*Id.*, p. 4].

Defendant Velex, Inc. responded to McClain's Motion, noting its opposition. [Doc. 17]. Defendant points out that service by publication is a last resort, and that it is unclear whether McClain has attempted every method of service set forth in Rule 1-004(F)(1) NMRA. Further, Defendant argues that notice as set forth by McClain is not reasonably calculated to give the Goins Defendants notice of this suit given his uncertainty as to their whereabouts. [*Id.*, p. 5]. McClain replies that because the names and addresses of the Goins Defendants are not reasonably ascertainable publication should be permitted. [Doc. 18, p. 2]. McClain avers that he attempted to comply with New Mexico's service rules but is unable to ascertain the Goins Defendants' residences or current places of business. [*Id.*, pp. 2-3].

---

[1] The Court notes the irregularity of this particular notation. According to the Postal Service's website, certified mail cannot be "refused" by an addressee. *See* https://faq.usps.com/s/article/Refuse-unwanted-mail-and-remove-name-from-mailing-lists (accessed April 16, 2021).

The Court agrees with Defendant Velex that McClain has not demonstrated compliance with all of the requirements of Rule 1-004 NMRA so as to permit the use of publication. It is possible that the Goins Defendants are simply avoiding service. McClain has not shown that their locations are unascertainable. Moreover, McClain has not shown that publication in the proffered locations is likely to notify the Goins Defendants of the existence of this lawsuit. As such, I will **deny** McClain's Motion to Serve by Publication **without prejudice**.

Counsel for McClain later moved to withdraw because there are differences between his approach to the case and those of his client. [Doc. 22, p. 1]. Counsel states that it is not in McClain's best interest for him to remain on the case but does not state whether McClain consents to the withdrawal. [*Id.*]. Velex does not oppose the Motion to Withdraw. [*Id.*]. However, the Motion to Withdraw is governed by D.N.M.LR-Civ. 83.8(a), which states that such a motion must indicate the consent of the *client* and a statement of the client's intention to appear *pro se*. Moreover, there is no provision in the Rule stating that McClain will be "deemed" to be acting pro se after a certain period of time. The Motion is therefore **denied without prejudice**.

    **SO ORDERED.**

                                                              JERRY H. RITTER
                                                             U.S. MAGISTRATE JUDGE